IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

UNITED STATES OF AMERICA,        )
                                )        Case No: 5:24-cv-00138
        Plaintiff,        )
                                )
      v.        )
                                )
JAMES A. REEVES,        )
                                )
        Defendant        )
                                )
_____)

Defendants Opposition to Motion for Summary Judgment

The defendant respectfully requests that the plaintiff's motion for summary judgment be denied.

The original complaint in this case is based on 26-USC-7401. There are no facts in the record that support the presumption that Title 26 applies to the defendant. According to the govinfo.gov: Of the 53 titles, the following titles have been enacted into positive (statutory) law: 1, 3, 4, 5, 9, 10, 11, 13, 14, 17, 18, 23, 28, 31, 32, 35, 36, 37, 38, 39, 40, 41, 44, 46, 49, 51, and 54.   Title 26 is not included. Being a common man, the defendant believes that a law that is not enacted is not a law. Since Title 26 has not been enacted, it can have no general application in the states of the union. While there may be an underlying public law that is possibly represented by the USC, this case is not predicated on such public law. For this reason alone, this case should be dismissed.


If we assume that Title 26 does have application, 26 USC § 6531 limits prosecution to six years. For this reason alone, this case should be dismissed.


If we assume that Title 26 does have application  26 USC § 6201 defines the scope of authorization of determinations and assessments. The "1040 tax" is not listed in  26 USC § 6201. The defendant objects to and moves to strike the Exhibit 4 of the plaintiff's. The defendant has repeatedly

requested prior to this case and within this case under the first requests for Production of Documents a copy of the assessment. Every request for a copy of the assessment has been rejected. Without a copy of the assessment, the defendant is unable to verify the assessment was made by an appropriate agent as defined under 27 CFR § 70.42. It is material to this case to verify all claims. For this reason alone, this case should be dismissed.

The defendant objects to and moves to strike the Declaration of Revenue Officer Susan Freeman as Freeman is not listed the United States' Initial Disclosures or any subsequent disclosures. See Exhibit D-1. Whereas the declaration from Freeman is the only document in the record signed under penalty of perjury relevant to the facts at issue, when it is stricken from the record there are no facts supporting the plaintiff's allegations. For this reason alone, this case should be dismissed.

The defendant objects to the plaintiff's response to defendant's interrogatory number nine: Is this a contract dispute?  See Exhibit D-2.  Response: "No. The United States' Complaint against defendant is not a contract dispute." This case is concerning revenue to the United States. All revenue cases are anchored in Admiralty jurisdiction. All Admiralty cases are based on a contract dispute. Enter the contract into the record so it can be disputed or withdraw your complaint. For this reason alone, this case should be dismissed.

Following is a table of items in dispute.

Statement of Genuine Issues in Dispute

| Moving Party's alleged uncontroversial facts | Response |
|---|---|
| 12. Reeves does not believe that he is subject to the internal revenue laws of the United States. | Disputed. Title 26 has never been enacted, therefore has no general application in the states of the Union unless you are a federal employee or |

| | elected official or have a contract. I believe that seventy five percent of the American population is not subject to Title 26. |
|---|---|
| 17. On December 7, 2015, a delegate of the Secretary of Treasury assessed federal income tax, penalties, and interest against Reeves in the amounts indicated in the table below: (table omitted) | Disputed. A request was made for a copy of the assessment in order to validate the assessment. |
| 19. As of January 14, 2025, James A. Reeves owes $275,289.58 in federal income tax, penalties, and interest for tax years 2009 through 2012, plus penalties and interest that continue to accrue as provided by law, as follows: | Disputed. There are no facts in the record to support the presumption that Title 26 applies to me. |