IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:24-cv-138 (MTT) |
| JAMES A. REEVES, | ) |
| Defendant. | ) |

## ORDER

The United States filed this tax action against pro se Defendant James A. Reeves to recover unpaid federal income taxes, penalties, and interest for tax years 2009 through 2012.  Doc. 1.  On January 13, 2025, the United States filed a motion for summary judgment claiming Reeves owes $275,289.58 in unpaid federal income taxes, penalties, and interest as of January 14, 2025, with additional statutory fees and penalties continuing to accrue.  Docs. 8; 8-1 at 1.  Reeves has since filed a one-page motion to dismiss, arguing that the Internal Revenue Code does not apply to him and that this action is untimely.  Doc. 13.  For the following reasons, Reeves' motion to dismiss (Doc. 13) is **DENIED** and the United States' motion for summary judgment (Doc. 8) is **GRANTED**.

## I. BACKGROUND[1]

### A. Factual Background

Reeves admits that he earned income as a partner of Envision Software LLC[2] during the 2009 through 2012 tax years but denies receiving "taxable" income. Docs. 8-5 at 3-5; 8-8 at 3. Reeves also admits that he did not make any estimated tax payments; that he did not file federal income tax returns; and that he did not pay any tax liabilities. Doc. 8-5 at 3-5. The Internal Revenue Service ("IRS") conducted an audit of Reeves' tax liabilities for tax years 2009 through 2012. Doc. 8-2 ¶ 14 (citing Doc. 8-11 at 3, 8, 14, 20). Reeves did not cooperate during the examination process and instead submitted correspondence to the IRS stating that he is not a taxpayer subject to U.S. tax law. *See, e.g.,* Docs. 8-5 at 5-6; 8-7; *compare* Doc. 12-1 at 1 ("I [Reeves] actually prefer to be called an 'illegal tax protester tester', and I [Reeves] think everyone should protest illegal taxes."). According to the United States, the IRS ultimately sent statutory notice of deficiency[3] to Reeves for tax years 2009 through 2012 as required by 26 U.S.C. § 6212. Docs. 1 ¶ 7; 8-2 ¶ 14. Reeves then timely petitioned the United States

---

[1] Unless otherwise stated, these facts are undisputed and are from the United States's undisputed statement of facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Although Reeves failed to file response to the United States' statement of undisputed facts as required by M.D. Ga. L.R. 56, the United States served Reeves with Requests for Admission pursuant to Federal Rule of Civil Procedure 36, and Reeves admitted most of the facts contained in the United States' statement of undisputed facts. *Compare* Doc. 8-5 *with* Doc. 8-2. The Court has otherwise confirmed that the United States' undisputed facts are supported by the record as required by the local rules. *See* M.D. Ga. L.R. 56.

[2] According to the Georgia Secretary of State, Envision Software LLC is a Georgia limited liability company whose managing members include James A. Reeves. *See* Filing No. 01445053 (Nov. 26, 2007), https://ecorp.sos.ga.gov/BusinessSearch/BusinessInformation?businessId=1311841&businessType=Domestic%20Limited%20Liability%20Company&fromSearch=True.

[3] A deficiency "is the amount by which a tax imposed under the Code exceeds the amount reported by the taxpayer on his tax returns." *Hill v. Commissioner*, 64 F.4th 1240, 1248 (11th Cir. 2023) (citing 26 U.S.C. § 6211(a)); *see also United States v. Beane*, 841 F.3d 1273, 1281 (11th Cir. 2016).

Tax Court to challenge the proposed deficiencies.  Docs. 8-2 ¶ 15; 8-9 at 1.  However, Reeves failed to pay the required filing fee, and his petition was dismissed on July 28, 2015.  Docs. 8-2 ¶ 16; 8-10.

Following the dismissal of Reeves' petition in Tax Court, the United States claims that a delegate of the Secretary of the Treasury timely assessed the deficiencies, penalties, and interest against Reeves as follows:

| Tax Type | Tax Year | Assessed Tax | Assessed Interest | Assessed Penalty |
|---|---|---|---|---|
| 1040 | 2009 | $18,229.00 | $6,259.01 | $436.46*<br>$13,216.03^ |
| 1040 | 2010 | $18,759.00 | $5,011.71 | $402.29*<br>$13,600.28^ |
| 1040 | 2011 | $21,501.00 | $4,285.12 | $425.64*<br>$15,588.23^ |
| 1040 | 2012 | $20,850.00 | $2,971.92 | $373.83*<br>$15,116.25^ |

\* Estimated tax penalty
^ Late filing penalty

Docs. 8-2 ¶ 17; 8-11; 12 at 3.  The United States claims the IRS then issued notices and demands for payment accordingly, but Reeves failed to satisfy the assessed tax liabilities.  Doc. 8-2 ¶ 18 (citing Doc. 8-11 at 3-4, 8-9, 14-15, 20-21).

**B. Procedural History**

On May 7, 2024, the United States filed this action to recover unpaid federal income taxes, penalties, and interest for tax years 2009 through 2012.  Doc. 1.  On January 13, 2025, the United States filed a motion for summary judgment asserting that Reeves owed $275,289.58 in unpaid federal income taxes, penalties, and interest as of

January 14, 2025, with additional statutory fees and penalties continuing to accrue. Doc. 8; 8-1 at 1.  The Court provided Reeves with notice of the applicable legal principles as well as his right to respond on January 14, 2025.  Doc. 9.

In response, Reeves filed a one-page motion to dismiss arguing that the Internal Revenue Code does not apply to him and that this action is untimely.[4]  Doc. 13. Reeves also filed a response to the motion for summary judgment.  Docs. 12; 12-1.  As best the Court can tell, Reeves argues that Title 26 of the United States Code has not been enacted into positive law and therefore does not apply to him unless he is a federal employee, elected official, or has a contract; he argues that the IRS failed to provide a signed assessment under penalty of perjury as required by 26 U.S.C. § 6065; and he suggests that the Court lacks jurisdiction over this case because revenue disputes are governed by admiralty law, which, according to Reeves, requires the government to produce a contract establishing his obligation to pay taxes.  Docs. 8-8 at 2; 12; 12-1.  Additionally, Reeves unsuccessfully moved to strike several items from the record, including the Declaration of Revenue Officer Susan Freeman, arguing it was improperly disclosed, and he objects to certified IRS Forms 4340, "Certificate of Assessments, Payments, and Other Specified Matters," filed by the United States, because of the government's alleged failure to provide Reeves with a copy of the assessments.[5]  Doc. 12 at 1-2.  To ensure that the alleged nondisclosure of Freeman

---

[4] Reeves argues this case is untimely under 26 U.S.C. § 6531, which applies a six-year statute of limitations to criminal prosecutions.  However, this case is governed by 26 U.S.C. § 6502, which allows the government to commence civil proceedings within ten years of the tax assessment.  Because Reeves' tax liabilities for 2009 through 2012 were assessed on December 7, 2015, the United States timely filed this action under 26 U.S.C. § 6502 by filing suit on May 7, 2024.  Docs. 1; 8-2 ¶ 17; 8-11.

[5] To the extent Reeves uses "assessments" to refer to something other than IRS Forms 4340, which he received (see Doc. 12-5), Reeves does not elaborate, and the Court does not know what he is referring to.

did not prejudice Reeves, the Court allowed Reeves to seek additional discovery concerning Freeman and to file an additional response to the United States' motion for summary judgment, which he did on July 7, 2025.  Docs. 16; 19.

## II. JURISDICTION

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402.[6]  First, this case involves federal income tax laws, and the United States is a party, so the Court has jurisdiction under Article III of the U.S. Constitution, 28 U.S.C. § 1340, and 28 U.S.C. § 1345.  Second, given the Court's ability to render judgments as necessary to enforce internal revenue laws, and its power to compel compliance with tax laws, the Court has jurisdiction under 26 U.S.C. § 7402(a).

## III. STANDARD

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A factual dispute is not genuine unless, based on the evidence presented, "a reasonable jury could return a verdict for the nonmoving party."  *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The burden rests with the moving party to prove that no genuine issue of material fact exists.  *Info. Sys. & Networks Corp.*, 281 F.3d at 1224.  The party may support its assertion that a fact is undisputed by "citing to particular parts of materials in the record, including

---

[6] Although Reeves suggests that the government must produce a contract establishing his obligation to pay taxes, the obligation to pay tax arises from statute, not contract law.

5

depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

"If the moving party bears the burden of proof at trial, the moving party must establish all essential elements of the claim or defense in order to obtain summary judgment." *Anthony v. Anthony*, 642 F. Supp. 2d 1366, 1371 (S.D. Fla. 2009) (citing *Four Parcels of Real Prop.*, 941 F.2d at 1438). The moving party must carry its burden by presenting "credible evidence" affirmatively showing that, "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party." *Four Parcels of Real Prop.*, 941 F.2d at 1438. In other words, the moving party's evidence must be so credible that, if not controverted at trial, the party would be entitled to a directed verdict. *Id.*

"If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, 'come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.'" *Id.* (quoting *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991)) (alteration in original). However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* Thus, the Court "can only grant summary judgment if everything in the record demonstrates that no genuine issue of material fact exists." *Strickland v. Norfolk S. Ry. Co.*, 692 F.3d

1151, 1154 (11th Cir. 2012) (quoting *Tippens v. Celotex Corp.*, 805 F.2d 949, 952 (11th Cir. 1986)).

In contrast, "[w]hen the *nonmoving* party has the burden of proof at trial, the moving party is not required to 'support its motion with affidavits or other similar material *negating* the opponent's claim.'" *Four Parcels of Real Prop.*, 941 F.2d at 1437 (quoting *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986)).  The moving party "simply may show ...  that there is an absence of evidence to support the nonmoving party's case." *Id.* at 1438 (cleaned up).  "Assuming the moving party has met its burden, the non-movant must then show a genuine dispute regarding any issue for which it will bear the burden of proof at trial." *Info. Sys. & Networks Corp.*, 281 F.3d at 1224-25 (citing *Cartrett.*, 477 U.S. at 324).

The standard of review for cross-motions does not differ from the standard applied when only one party files a motion. *See Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1331 (11th Cir. 2005).  For instance, "[c]ross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." *United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir. 1984) (internal quotation marks and citation omitted).  Here, the Court will consider each motion on its own merits under the applicable legal standards.  *See*, *e.g.,* Am*. Bankers Ins. Grp.*, 408 F.3d at 1331; *Chavez v. Mercantil Commercebank, N.A.*, 701 F.3d 896, 899 (11th Cir. 2012).

## IV. DISCUSSION

Reeves has failed to demonstrate any genuine dispute of material fact or raise a valid defense. The United States has otherwise met its burden of proof and is entitled to summary judgment.

**A. General Tax Framework and Principles**

If a taxpayer fails to file a return when required, the IRS can prepare a return based on its own knowledge and on information it can collect. 26 U.S.C. § 6020(b);[7] *see also United States v. Dickert*, 635 F. App'x 844, 849 (11th Cir. 2016) (citing *United States v. Stafford*, 983 F.2d 25, 27 (5th Cir.1993) ("[A]lthough the section [§ 6020(b)] authorizes the Secretary to file for a taxpayer, the statute does not require such a filing, nor does it relieve the taxpayer of the duty to file.")). When the IRS determines a deficiency in income taxes, it must send a notice of deficiency by registered or certified mail to the taxpayer at his last-known address. 26 U.S.C. § 6212(a); *see* 26 C.F.R. § 301.6212–1(a). The taxpayer then generally has 90 days to file a petition in Tax Court challenging the deficiency. 26 U.S.C. § 6213(a).

Once the time for appeal to the Tax Court has expired, the IRS may assess the taxpayer for the amount stated in the notice of deficiency. 26 U.S.C. § 6213(c). Within 60 days of making such an assessment, the IRS must send a notice of assessment and demand for payment to the taxpayer's last-known address. 26 U.S.C. § 6303(a). If the taxpayer thereafter fails to pay the deficiency, a lien automatically arises "in favor of the United States upon all property and rights to property ... belonging to such person." 26

---

[7] Reeves incorrectly suggests that 26 U.S.C. § 6020's application is limited to certain tax types under 27 C.F.R. Parts 53 and 70 which do not apply to him because they pertain to industries like alcohol, tobacco, and firearms ("ATF"). Doc. 19. This confuses income tax obligations under Title 26 of the U.S. Code with Title 27 of the Code of Federal Regulations, which concern ATF-related regulations.

U.S.C. § 6321.  The government may enforce its liens either through administrative collection methods such as levy and distraint, 26 U.S.C. §§ 6331–6340, or, as in this case, through a civil action in federal district court to reduce the assessment to judgment, 26 U.S.C. §§ 7401–7403.

**B. Requirement to File a Tax Return and Pay Income Tax**

Reeves argues this case should be dismissed because Title 26 of the United States Code does not apply to him.  Doc. 13.  He suggests there is no statute or implementing regulation requiring him to file a Form 1040 tax return or imposes liability for failing to do so.[8]  Docs. 12 at 1; 12-1.  He also argues that Title 26 is not enacted into positive law and therefore does not apply to him unless he is a federal employee, elected official, or has a contract.  Doc. 12 at 1-3.  These arguments are meritless.

The Internal Revenue Code, which is codified at Title 26 of the United States Code, imposes a legal obligation to file tax returns and pay taxes.  *See*, *e.g.*, 26 U.S.C. § 1 (establishing that individuals, estates, and trusts are subject to income tax).  First, Congress has enacted the underlying statutes codified in Title 26 into positive law, and the U.S. Code is a compilation of those laws.  1 U.S.C. § 204(a) (the Code is "prima facie evidence of the laws of the United States"); *see O'Boyle v. United States*, 2007 WL 2113583, at *1 (S.D. Fla. July 23, 2007).  Second, 26 U.S.C. § 6011 requires any person liable for a tax to file a return "according to the forms and regulations prescribed by the Secretary."   Under 26 U.S.C. § 6012(a), individuals are generally required to file

---

[8] Reeves implies there is no requirement to file a Form 1040 or pay income tax because the "1040 tax" is not listed in 26 U.S.C. § 6201, which outlines the IRS's assessment authority.  *But see* 26 U.S.C. § 6151 ("[W]hen a return of tax is required … the person required to make such return shall, without assessment or notice and demand … pay such tax at the time and place fixed for filing the return.").

9

a federal tax return and pay tax if their gross income[9] exceeds certain thresholds, and IRS Form 1040 is the form prescribed by the Secretary of the Treasury under 26 U.S.C. § 6011 and 26 C.F.R. § 1.6011-1 for reporting and paying that liability. *See Glover v. Comm'r*, 2010 WL 4120987, at *3 (T.C. 2010).

Reeves admits that he earned income as a partner of Envision Software LLC during the 2009 through 2012 tax years. Doc. 8-5 at 3-5. And the IRS determined that this income exceeded the applicable threshold for the 2009, 2010, 2011, and 2012 tax years. Doc. 8-11. Reeves has proffered no argument, much less evidence, indicating otherwise or creating a genuine issue of fact precluding summary judgment. Accordingly, to the extent Reeves seeks dismissal because he has no legal obligation to file a return or pay tax, his motion (Doc. 13) is **DENIED**.

**C. Assessment, Notice of Assessment, and Demand for Payment**

The United States seeks to reduce to judgment assessments against Reeves for tax years 2009 through 2012. Docs. 8; 8-1. To reduce a tax assessment to judgment, the United States must prove that the assessment was properly made and is outstanding. *United States v. White*, 466 F.3d 1241, 1248 (11th Cir. 2006). IRS Form 4340 is presumptive evidence of a valid assessment. *United States v. Chila*, 871 F.2d 1015, 1017-18 (11th Cir.1989); *see also United States v. O'Callaghan*, 500 Fed. App'x 843, 850 (11th Cir. 2012) ("These forms are prima facie evidence that the notice of assessment and demand for payment were mailed to [the taxpayer] in accordance with the statute"). Courts accept these certificates as proof of the validity and amount of the tax assessment unless the taxpayer can show that the assessment is arbitrary or

---

[9] Under 26 U.S.C. § 61(a), gross income is defined as "all income from whatever source derived," unless excluded by law. But "income" is not defined under the Internal Revenue Code.

10

erroneous or that the IRS did not properly issue a statutory notice of deficiency.[10] *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002); *see Chila*, 871 F.2d at 1018; *White*, 466 F.3d at 1248; *see also Bone v. Comm'r*, 324 F.3d 1289, 1293 (11th Cir. 2003).

The United States has properly tendered certified copies of Form 4340 for tax years 2009 through 2012.  Doc. 8-11.  It has also produced the declaration of IRS Revenue Officer Susan Freeman verifying the account statements for each assessment showing unpaid balances.  Docs. 8-4; 8-12.  The assessments are thus presumptively correct.  *White*, 466 F.3d at 1248; *see Blohm v. Comm'r*, IRS, 994 F.2d 1542, 1549 (11th Cir. 1993).  Accordingly, the burden shifts to Reeves to prove by a preponderance of the evidence that the IRS's determinations were either arbitrary or erroneous.  *Welch v. Helvering*, 290 U.S. 111, 115 (1933); *see Bone*, 324 F.3d at 1293; *see also Olster v. Comm'r*, 751 F.2d 1168, 1174 (11th Cir. 1985) ("Absent a finding that the computational methods used, and therefore the assessment, was arbitrary and without foundation, the tax deficiency is presumptively correct," and "the taxpayer has the burden of proving that the computational method used is arbitrary and without foundation.").

Reeves, who admits he received income during tax years 2009 through 2012, has not presented any evidence that the IRS's assessments were incorrect.  Doc. 8-5 at 3-5.  Instead, Reeves first "objects to and [unsuccessfully] move[d] to strike the Declaration of Revenue Officer Susan Freeman" because she is not listed in any of the United States' initial or subsequent disclosures.  Docs. 12 at 2; 16.  Freeman's declaration authenticates an IDRS transcript of an INTST-D, which reflects the amount

---

[10] Reeves admits that "the IRS sent [him] a notice of deficiency for tax years 2009 through 2012."  Doc. 8-5 at 6.

11

owed by Reeves to the IRS as of January 14, 2025.  Docs. 8-4; 8-12.  Federal Rule of Civil Procedure 26(a) requires a party to disclose the names and addresses "of each individual likely to have discoverable information —along with the subjects of that information—that the disclosing party may use to support its claims or defense."  Under Rule 37(c)(1), a party who fails to disclose information required by Rule 26(a) is not permitted to use that evidence unless the failure is either substantially justified or harmless.  Here, the Court provided Reeves with the opportunity to request discovery regarding Freeman and, if necessary, file an additional response to the motion for summary judgment, which he did.[11]  Docs. 16; 19.  Accordingly, the Court finds that any failure to timely disclose Freeman was harmless and Reeves' objection is overruled.

Second, Reeves argues that he is unable to verify that the assessment was made by an appropriate agent as defined under 27 C.F.R. § 70.42.  Doc. 12 at 2.  But 27 C.F.R. § 70.42 applies to returns related to alcohol, tobacco, and firearms taxes, not to ordinary income tax returns, so it is not relevant to this case.[12]  *See Wnuck v. Commissioner*, 136 T.C. 498, 507-09 (2011).

Third, Reeves argues the IRS failed to provide him with a signed assessment under "penalty of perjury" as required by 26 U.S.C. § 6065.  Docs. 8-8 at 2; 12 at 2.  Section 6065 provides that "any return, declaration, statement, or other document required to be made under … the internal revenue laws or regulations shall … [be] made under the penalties of perjury."  26 U.S.C. § 6065.  Reeves argues that this

---

[11] Reeves' supplemental response challenges the constitutional basis for this action citing U.S. House of Representatives Rule XII, clause 7(c), which requires house bills and joint resolutions to specify the constitutional authority for their enactment.  Doc. 19 at 3-4.  Here, Paragraph 2 of the complaint states that this case is authorized by the Chief Counsel of the IRS in accordance with 26 U.S.C. § 7401 (Doc. 1 ¶ 2), which is authorized by Article I, § 8, cl. 1 of the U.S. Constitution, i.e., Congress's power to tax.

[12] *See also United States v. Gutierrez*, 2018 WL 2107785, at *8 (D.N.M. May 5, 2018).

12

requires the IRS to produce an assessment made under the penalty of perjury.  Doc. 8-8 at 2.  However, § 6065 applies only to documents "required to be made" by internal revenue laws or regulations, not those that are merely authorized.  *See*, *e.g.*, *Cermak v. United States*, 1997 WL 312261, at *2 (7th Cir. June 5, 1997) ("[T]he applicability of § 6065 [is limited] to documents that must be filed with the IRS.").

Finally, and although Reeves' supplemental response does not challenge the calculation of his tax liabilities as referenced in Revenue Officer Freeman's declaration (*see* Doc. 8-4 ¶ 9), he questions her authority to "execute returns" under 26 U.S.C. § 6020(b) because her General Schedule[13] ("GS") level "has not been disclosed."  Doc. 19 at 1-2.  According to the Internal Revenue Manual, Revenue Officers GS-09 and above have the authority to prepare and execute returns under 26 U.S.C. § 6020(b).  *E.g.,* IRM 1.2.44.3, Delegation Order 5-2 (Rev. 2); *see* IRM 5.18.2, Delegation Order No. 182 (Rev. 7).  However, there is no evidence that Freeman ever prepared or executed a substitute for return on behalf of Reeves' under § 6020(b).[14]  Instead, the only evidence before the Court is that Freeman was assigned to collect Reeves' assessed 2009 through 2012 tax liabilities.  Doc. 8-4 ¶ 2; *see Gibbs v. C.I.R.*, 673 F. Supp. 1088, 1092 (N.D. Ala.1987) ("Revenue officers are specifically delegated and charged with the responsibility for collection of taxes."), *aff'd,* 846 F.2d 754 (11th Cir. 1988).  A bare allegation that Freeman's GS level is unknown is not enough to create a

---

[13] The General Schedule is the basic pay schedule for federal government employees.  5 U.S.C. § 5332.

[14] As noted, the United States relies on unrebutted certified Forms 4340 to establish the validity and amount of the unpaid tax assessments.  Doc. 8-11.  Reeves also incorrectly cites "Internal Revenue Manual 5.8.2.2(01-02-2020)" for the proposition that § 6020(b) authorizes only certain types of returns by employers (e.g., Forms 940, 941, 943, and 944).  Doc. 19 at 4-5.  Put differently, Reeves essentially argues: "The IRS's own manual says substitute returns are only used for business taxes like payroll, not personal income tax."  But § 6020(b) applies to any person required to file a return who fails to do so, not just returns by employers.  *See In re Bergstrom*, 949 F.2d 341, 343 (10th Cir. 1991) (collecting cases).

genuine issue of material fact precluding summary judgment.  *See United States v. Dixon*, 672 F. Supp. 503, 506 (M.D. Ala.1987) ("The presumption of regularity supports the official acts of public officers and, *in the absence of clear evidence to the contrary*, courts presume that they have properly discharged their official duties.") (quoting *United States v. Chem. Found., Inc.*, 272 U.S. 1, (1926)), *aff'd,* 849 F.2d 1478 (11th Cir.1988).

In sum, Reeves' arguments lack merit and fail to demonstrate any legal or procedural deficiency precluding summary judgment.  Reeves's motion to dismiss this action (Doc. 13) is **DENIED**, and the United States is entitled to summary judgment.

## V. CONCLUSION

For the foregoing reasons, Reeves' motion to dismiss (Doc. 13) is **DENIED**.  The United States' motion for summary judgment (Doc. 8) is **GRANTED**.  Because Reeves makes no attempt to contest the calculation of his 2009 through 2012 tax liabilities, the United States is entitled to judgment in the amount of $275,289.58 in unpaid federal income taxes, penalties, and interest as of January 14, 2025, with additional statutory fees and penalties continuing to accrue.

**SO ORDERED**, this 17th day of July, 2025.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT