IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) CIVIL ACTION NO. 5:24-cv-138 (MTT) |
| JAMES A. REEVES, | ) ) ) ) |
| Defendant. | ) ) |

**ORDER**

The United States filed this tax action against pro se defendant James A. Reeves to recover unpaid federal income taxes, penalties, and interest for tax years 2009 through 2012.  Doc. 1.  On July 17, 2025, the Court granted the United States' motion for summary judgment and entered judgment in favor of the United States.  Docs. 20; 21.  On July 31, 2025, Reeves moved for reconsideration of the Court's July 17, 2025 order and entry of judgment.  Doc. 22.  For the following reasons, that motion (Doc. 22) is **DENIED**.

**I. DISCUSSION**

Rule 60(b) "allows for relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the operation of the judgment." *Marsh v. Dep't of Child. & Fams.*, 259 F. App'x 201, 205 (11th Cir. 2007) (citing Fed. R. Civ. P. 60(b)) (internal quotation marks omitted).

Reeves does not identify any mistake, inadvertence, newly discovered evidence, or fraud that would justify reopening the case.  Doc. 22.  Assuming Reeves intends to move under Rule 60(b)(6), which allows for relief for "any other reason that justifies relief," this provision applies only in extraordinary circumstances.  *See Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) ("Motions under [Rule 60(b)] are directed to the sound discretion of the district court.").  Reeves has not claimed, much less shown, that such circumstances exist in this case.  Instead, Reeves advances three arguments which have largely already been rejected by the Court.  Docs. 20; 22.  First, Reeves argues the United States has failed to produce the "Individual Master File," which he requested under the Freedom of Information Act.  Doc. 22.  Reeves claims this file is important for proving unspecified errors, but he fails to explain how the file would show error or change the outcome of the case.  Second, Reeves argues this case was filed outside the statute of limitations under 26 U.S.C. § 6502.  *Id.*  However, the Court has already ruled that this action was timely filed.[1]  Doc. 20 at 4 n.4.  Last, Reeves argues the Court lacks "personal jurisdiction" because he is not a resident of an area under exclusive federal control.  Doc. 22.  But Reeves was personally served at his residence in Monroe County, Georgia, and has otherwise waived any challenge to personal jurisdiction.  Docs. 4; *see Day v. Persels & Assocs., LLC*, 729 F.3d 1309, 1326 (11th Cir. 2013) ("[A] defense of lack of jurisdiction over the person ... is waived if not timely raised in the answer or a responsive pleading.").  Additionally, the Court has already rejected Reeves' arguments that he has no legal obligation to file a return or pay income tax.  *See*, *e.g.,* Doc. 20 at 5 & n.6, 9-10, 12 n.11, 13 n.14.

---

[1] Reeves offers no evidence that the relevant tax assessments did not occur on December 7, 2015.  *See* Doc. 20 at 4 n.4 (citing Docs. 1; 8-2 ¶ 17; 8-11).

Because Reeves's disagreement with the Court's decision alone does not constitute a clear error or manifest injustice, there is no basis to reconsider the Court's previous order.

## II. CONCLUSION

For the foregoing reasons, Reeves's motion for reconsideration of the Court's July 17, 2025 order and entry of judgment (Doc. 22) is **DENIED**.

**SO ORDERED**, this 12th day of August, 2025.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT